THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELICIANO COLÓN GARCÍA, Defendant and Appellant.

No. 17453.      Decided October 10, 1963.

*Francisco Colón Gordiany* and *María Valentín Collazo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The appellant was accused of a violation of § 260 of the Penal Code of Puerto Rico, because "on September 29, 1959 and in Santurce, Puerto Rico, which is a part of the Superior Court of Puerto Rico, San Juan Part, he illegally, voluntarily, and maliciously, committed a lewd and lascivious act, which then and there constituted only a violation of § 260 of the Penal Code and no other crime, with a girl under eight years of age named M.C.A., with the intent of arousing, exciting or gratifying the lust, passions and sexual desires of defendant himself and said child. . . ."

Defendant was found guilty by a jury and sentenced to serve an indeterminate sentence of 1 to 10 years in the penitentiary at hard labor. Feeling aggrieved by the pronouncement of guilt, he appealed and assigns the following errors:

1. The verdict was obtained "through undue moral pressure and insolent psychological coercion over the jury," exercised by the judge who presided at the trial.

2. Because the presiding judge permitted the prosecuting attorney of the San Juan Part to submit additional instructions after the case had been submitted to the jury, the jury having deliberated for a long time and having informed the court that it could not reach an agreement.

3. Because the verdict is contrary to law and the facts, since the evidence was contradictory.

1—As to the first error, the transcript of the evidence shows the following:

"(At 5:50 p.m. the jury room bell rings.)

JUDGE:

The defendant, his counsel, and the prosecuting attorney are present. Marshal. . . .

MARSHAL:

Your Honor, the bell in the room where the jurors are deliberating has rung.

JUDGE:

Go, bring the jury.

(The jury returns to the courtroom.)

JUDGE:

Do you admit that it is the same jury and that it is complete?

THE PARTIES:

Yes, Your Honor.

JUDGE:

Mr. Foreman of the Jury, you announced to the court your desire to appear in court and consequently I instructed the marshal to bring you to court. Mr. Foreman, have you reached a verdict?

FOREMAN:

No, Your Honor. It has been impossible to reach an agreement and I do not think there is a possibility of reaching one. The opinion is divided.

JUDGE:

Does Mr. Foreman believe that it is a question of additional instructions or of a review of the instructions already given?

FOREMAN:

I think it is a question of opinion of each one of the members of the jury; each has its own opinion about the affair. We have made four or five ballots with the same results.

JUDGE:

If it is a question of doubt as to the evidence, if the ladies and gentlemen of the jury think that reading for them any testimony or part (*sic*) of the witnesses' testimony, if they think it could enlighten them to reach an agreement, the court will be pleased to do so. Is that the situation?

FOREMAN:

That is not the situation, Your Honor, for none of the ladies and gentlemen of the jury has made such a statement.

JUDGE:

Then we are to understand that there is no doubt as to the instructions given, that there is no doubt as to the testimony or part of the testimony of any of the witnesses and that the reading of said testimony might not refresh the memory of any of the members of the jury?

FOREMAN:

No, Your Honor.

JUDGE:

Yet, this is a case of a simply brief evidence. Two witnesses for the People of Puerto Rico, three or four witnesses for the defense, evidence which was introduced during the whole day today. Does not Mr. Foreman believe that with an additional effort you could reach an agreement, one way or the other?

FOREMAN:

Maybe, but up to now, in my opinion, it is hardly possible; it is hardly possible; but maybe, there could be a different reaction. . . .

JUDGE:

Marshal, please pass the jury to my office and stay with them; they should remain together until I call them again. They cannot separate and I make the same warnings I have been making them during the trial.

(The jury passes with the Marshal to the judge's office.)"

.        .        .        .        .        .        .        .

"(The jury returns to the courtroom.)

JUDGE:

Do the parties admit that the jury is the same and that it is complete?

THE PARTIES:

Yes, Your Honor.

JUDGE:

Mr. Foreman, I am going to make a question, I want you all to hear and understand it well, because I do not want you to answer how the jury is divided. I do not want to know who

ʰmay be in favor of a cause and who may be in favor of another, because it is not permitted by law. I simply want you to tell me, numerically, without stating how many are in favor or how many against, what is the standing of the jury.

FOREMAN OF THE JURY:

Six to six, Your Honor.

JUDGE:

I repeat the question to the members of the jury, is there any possibility that with additional instructions about the offense charged against defendant or with a review of those already given, the present standing of the jury may be changed and that a verdict can be rendered one way or the other?

FOREMAN:

Well, maybe that with new instructions some juror may change his mind. That reason was not given there by any of the members of the jury. I could not give that answer because none of the members of this jury requested new instructions nor was there any doubt as to the evidence.

(During this incident, Prosecuting Attorney Zoilo Dueño appeared in court. During the whole trial prior to this incident, Prosecuting Attorney Mangual acted alone in representation of the People. Wherever it says 'Prosecuting Attorney,' it refers to Prosecuting Attorney Mangual. Now, Prosecuting Attorney Dueño intervenes.)

PROSECUTING ATTORNEY DUEÑO:

We want to ask leave to state in writing some additional instructions.

JUDGE:

State them in writing and the court will consider them.

MR. COLÓN GORDIANY:

Your Honor, the defense wants to state that it has no additional recommendation.

JUDGE:

All right.

Gentlemen of the jury, I am going to read again § 260 of the Penal Code of Puerto Rico.

'Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the

body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony.'

Any lewd or lascivious act, other than, of course, as afore instructed, the acts constituting other crimes provided for in the Penal Code, like rape, which I defined, and the attempt to commit rape, which I also defined for you.

Now, after having read the section of the act supposedly violated, does Mr. Foreman understand that the situation is the same that he has announced?

FOREMAN:

Well, maybe some of the jurors could change their mind.

JUDGE:

Ladies and gentlemen of the jury, I am going to send you back to the jury room to make another effort, without it being understood that I am coercing you. That is not my purpose so that you may render a verdict; for you are the jury, as I previously instructed, and the only ones who can decide the case. But I think you can make another effort for the purpose of reaching an agreement.

Under the same oath of the marshal.

Recess.

(The jury retires to the jury room at 6:15 p.m.)

.     .     .     .     .     .     .     .

(15 minutes later, at 6:30 p.m., the bell in the jury room rings.)

JUDGE:

Please enter in the record that the defendant, his counsel, and the prosecuting attorneys are present.

Marshal, do you have any information for the court?

MARSHAL:

Your Honor, the jury room bell has rung, indicating that the jury wants to come to the courtroom.

JUDGE:

Bring them to the courtroom.

Is it admitted that it is the same jury and that it is complete?

THE PARTIES:

Yes, Your Honor.

JUDGE:

Mr. Foreman of the jury, have you come to an agreement?

FOREMAN:

Yes, Your Honor.

JUDGE:

Please hand it to the marshal.

Mr. Foreman, was this verdict rendered in a proportion of 9 to 3, that is, as it appears in the form of verdict?

FOREMAN:

Yes, Your Honor.

JUDGE:

Secretary, please read the verdict. Defendant, please stand up.

SECRETARY: 'The People of Puerto Rico, etc. . . .

'We, the Members of the Jury, find defendant Feliciano Colón García guilty of a violation of § 260 of the Penal Code of Puerto Rico.'

San Juan, Puerto Rico, April 4, 1960.

Laurentino Estrella, Foreman.

JUDGE:

The court admits the verdict rendered by the jury because it is in accordance to law and it is formal, and in consequence thereof it finds defendant Feliciano Colón García guilty and convicted of a violation of § 260 of the Penal Code of Puerto Rico."

■ The situation which gives rise to this error has been object of an elaborate and close consideration by some of the Justices of this Court: *People* v. *Rivera*, 77 P.R.R. 628, 629–632 (Pérez Pimentel) (1954) ; *People* v. *Martínez*, 79 P.R.R. 552, 558–560 (Mr. Justice Belaval and Mr. Justice Negrón Fernández, dissenting) (1957) ; *People* v. *Matos*, 81 P.R.R. 496, 503–504 (Pérez Pimentel) (1959). The principle can be reiterated that the remarks of the judge that it is a simple case in which reaching an agreement should not be difficult does not constitute undue moral pressure or prejudicial psychological coercion over the jury. We have examined the manner in which the judge acted during the

incident and we do not think it can be concluded from his words or his judicial conduct that he intended to intervene in the mixed thoughts of the jury.

■ 2—As to the second assignment, the question was clearly elucidated when raised before the trial court.

"MR. COLÓN:

Your Honor, for the purpose of the record we want to state with due respect that we take exception that at this stage the prosecuting attorneys have been permitted by the court additional or new instructions to the jury at the request of the prosecuting attorneys themselves, because we understand that said conduct assumed by the court constitutes a manifest and clear coercion on the jury, when they emphatically declared that they were 6 to 6, and they had made 3 or 4 ballots with the same results. We think this is quite unusual and we want to take exception of said situation.

JUDGE:

The court wants to state for the record that it has two sheets of instructions submitted by the prosecuting attorneys after the jury had come down when they announced that they could not reach an agreement and both instructions of the court appear to have been denied. Thus, the court has not transmitted any instructions whatsoever at the request of the prosecuting attorneys. Both sheets are attached to the record and marked: 'Denied.' The only instruction transmitted by the court to the jurors at the request of the court itself was the rereading of the section of the Code which is indicated as the section violated."

This being so, undoubtedly the error was not committed: 5 Wharton, Criminal Law and Procedure 301, § 2116, and Lawyer's Cooperative Edition (1957).

■ 3—The third error refers to the sufficiency of the evidence to establish the crime. It is not difficult to imagine in a case like this, that the tender age of the prosecutrix and her lack of comprehension of certain facts of sexual life does not satisfy the judgment of the law expert. What should be sought is the reasonable certainty compatible with

a clear sense of justice. As to the evidence in relation to defendant's total incapacity to indulge in the sexual act, to which the doctor's testimony refers, it is not an absolute defense in view of "the incitement to lewdness" which is the essence of the crime.

The judgment of the Superior Court of Puerto Rico, San Juan Part, of April 18, 1960 will be affirmed.